**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JUNGO LAND & INVESTMENTS, INC., | ) |
| Plaintiff, | ) |
| v. | ) 3:10-cv-257-RCJ-VPC |
| | ) **ORDER** |
| HUMBOLDT COUNTY BOARD OF COMMISSIONERS et al., | ) |
| Defendants. | ) |

Currently before the Court is Plaintiff-Petitioner's Second Motion to Supplement Record on Appeal (#95). The Court heard oral argument on June 20, 2011.

**BACKGROUND**

This case arises out of a dispute involving a five-year extension of a conditional use permit ("CUP") for Plaintiff-Petitioner Jungo Land & Investments, Inc. ("Jungo") to construct and operate a municipal solid waste landfill in Humboldt County. In 2007, the Humboldt Regional Planning Commission ("RPC") issued Jungo a CUP to construct and operate a landfill. In February 2010, the RPC approved Jungo's request for a five-year extension on the CUP, resulting in an appeal from Robert Dolan and Massey Mayo (collectively "Dolan"). Jungo alleges that a member of the Humboldt County Board of County Commissioners ("BCC") attended that hearing against the advice of legal counsel and prematurely deliberated on matters that would come before him in the anticipated appeal of the RPC's decision. On April 5, 2010, the BCC had a public hearing on the Dolan appeal. Several days later the BCC issued a decision that overturned the RPC's decision to extend the CUP. In response, Jungo filed a complaint alleging 14 causes of action and a petition for writ of mandamus and/or writ

of prohibition.

On April 22, 2010, Jungo filed a complaint for declaratory and injunctive relief and a petition for judicial review in the Sixth Judicial District Court of the State of Nevada in and for the County of Humboldt. (Compl. (#1-1) at 2). The complaint named the following defendants: Humboldt County Board of County Commissioners ("BCC"); Humboldt County; and Chuck Giordano, Mike Bell, Dan Cassinelli, Garley Amos, and Tom Fransway, in their individual and official capacities as Humboldt County Commissioners (collectively "Defendants"). (*Id.*). On April 29, 2010, Defendants filed a petition for removal to this Court. (Pet. for Removal (#1)).

On January 19, 2011, Jungo, pursuant to a stipulation between the parties, filed an amended complaint. (*See* Stipulation (#91); Amended Compl. (#92)). In general, Jungo alleged that Defendants improperly impaired, obstructed, and delayed Jungo from satisfying the conditions of the CUP; interfered with the Nevada Department of Environmental Protection's ("NDEP") issuance of Jungo's air quality permit; intentionally acted to incite public opposition to the Jungo project, subjected Jungo to additional conditions, and obstructed Jungo's ability to satisfy existing conditions of the CUP; and held unauthorized proceedings regarding the Jungo project with the intention of obstructing and delaying Jungo's ability to satisfy the conditions of the CUP. (Amended Compl. (#92) at 11-12, 14, 17).

The amended complaint alleged the following causes of action: (1) petition for judicial review against all Defendants; (2) violation of open meeting law under NRS § 241.037 against all Defendants; (3) damages under NRS § 278.0233 against Humboldt County, BCC, and Fransway; (4) violation of due process against Humboldt County, BCC, Giordano, Bell, Cassinelli, Amos, and Fransway in their official capacities; (5) violation of equal protection against Humboldt County, BCC, Giordano, Bell, Cassinelli, Amos, and Fransway in their official capacities; (6) violation of commerce clause against Humboldt County, BCC, Giordano, Bell, Cassinelli, Amos, and Fransway in their official capacities; (7) violation of procedural due process, damages under 42 U.S.C. § 1983 against Giordano, Bell, Cassinelli, Amos, and Fransway in their individual capacities; (8) violation of equal protection clause, damages under 42 U.S.C. § 1983 against Giordano, Bell, Cassinelli, Amos, and Fransway in their individual

2

capacities; (9) violation of commerce clause, damages under 42 U.S.C. § 1983 against Giordano, Bell, Cassinelli, Amos, and Fransway in their individual capacities; (10) equitable estoppel against all Defendants; (11) breach of the covenant of good faith and fair dealing against all Defendants; (12) violation of Fifth Amendment taking against all Defendants; (13) tortious interference with contract against all Defendants; and (14) tortious interference with prospective economic advantage against all Defendants. (Amended Compl. (#92) at 38-56).

Jungo also filed a Petition for Writ of Mandamus and/or Writ of Prohibition, in which it sought a writ ordering Defendants to: (a) vacate the BCC's decision reversing the RPC's extension of Jungo's CUP, (b) dismiss Dolan's appeal of the RPC's decision with prejudice; (c) allow the RPC's decision to stand as final, and (d) take no further action to prohibit or impair Jungo from conducting its business on the Jungo Property. (Pet. for Mandamus (#6) at 36).

In June 2010, Defendants filed a Record on Appeal for Judicial Review. (ROA (#40)). Jungo filed a motion to supplement the record on appeal. (Mot. to Suppl. ROA (#44)). Judge Reed granted the motion to supplement the record in a minute order and noted that Defendants would be entitled to point out any problems with the relevancy or materiality with respect to the supplemental documents at the time of the hearing for the writ of mandamus. (Minute Order (#89)).

In November 2010, Jungo filed a motion to compel Defendants to produce two documents at issue in the instant motion. (Mot. to Compel (#73)). Jungo alleged that, during depositions, Defendants had testified that, in reversing the RPC's decision to grant a five-year extension to the CUP, they had used specific procedures on the advice of the Humboldt County District Attorney. (*Id.* at 3). During discovery, Jungo learned of two memoranda to the BCC from the Humboldt D.A. regarding: (1) the procedures to be used at the April 5, 2010 appeal hearing on the extension to Jungo's CUP, and (2) Defendants' obligations under Nevada's Open Meeting Law. (*Id.*). Jungo argued that, despite putting three communications from the D.A.'s office in the record on appeal, Defendants refused to produce these two documents based on attorney-client privilege. (*Id.*). Jungo argued that the documents should

3

have been made part of the public record because they were not made in confidence and that any purported privilege had been waived. (*Id.*). In January 2011, Judge Cooke held a hearing on the motion to compel and granted Jungo's motion. (Minute Order (#93)).

Jungo now files a Second Motion to Supplement the Record on Appeal to include the two documents that Judge Cooke ordered Defendants to produce. (*See* Second Mot. to Suppl. ROA (#92)).

## DISCUSSION

Jungo files this motion to supplement the record on appeal with the two documents that Defendants recently produced. (Second Mot. to Suppl. ROA (#95) at 1). Jungo argues that it is within the Court's discretion to accept evidence beyond what Defendants have included in the record on appeal because NRS Chapter 278 does not provide any procedures for conducting judicial review. (*Id.* at 20). Jungo asserts that absent any rules, the Court may want to refer to the Nevada and Federal Administrative Procedures Acts for guidance. (*Id.*). Jungo argues that the two memoranda support its contentions that the BCC engaged in numerous procedural irregularities and that Defendants had a pattern of ignoring the advice of counsel. (*Id.* at 23-24).

In support of its motion, Jungo attaches the two documents. The first document, dated January 6, 2010, was addressed to the Humboldt County Board Members/Public Officers from Deputy District Attorney Angie Elquist, regarding the "Open Meeting Law; Serial Communications." (Exh. 1 (#95-1) at 2). The memorandum stated that this was "another reminder that the Humboldt County District Attorney's office has advised against Humboldt County Board Members/Public Officers meeting individually with persons to deliberate issues that will or could come before the public body as a whole" because this "could potentially be considered a violation of the Nevada Open Meeting Law." (*Id.*). The memorandum directed the BCC to refer to the Nevada Open Meeting Law Manual and Nevada AG Opinion 2001-13. (*Id.*).

The second document, dated April 2, 2010, was addressed to the Humboldt County Commissioners from District Attorney Russell Smith, regarding the "Appeal Hearing on Jungo

4

Land's CUP Extension on April 5th." (Exh. 2 (#95-1) at 4). The memorandum stated that the memo was "in regard to the standard of review for the hearing on April 5th" and explained that the "issue before the Commissioners on appeal is whether the Regional Planning Commission **abused its discretion** when it made its decision to grant the extension of Jungo's CUP on February 11, 2010." (*Id.*). The memorandum noted that the "RPC [had] found that Jungo [had] presented evidence showing good cause to extend the CUP." (*Id.*). Smith also attached the procedures for quasi-judicial hearings to the memorandum and told the BCC to "use [it] as a tool at the hearing." (*See id.* at 4-5).

In response, Defendants argue that the two documents are protected by the attorney-client privilege and, thus, the Administrative Procedures Act does not apply. (Opp'n to Second Mot. to Suppl. ROA (#104) at 4). Defendants argue that the record on appeal must be confined to the review of the record presented to the board on April 5, 2010, and argues that the Elquist memo does not pertain to the April 5th hearing and that the Smith memo is pure legal advice pre-dating the April 5th hearing. (*Id.* at 6).

In reply, Jungo argues that Judge Cooke already has ruled that the documents are not protected by the attorney-client privilege and that Defendants have forfeited the right to claim privilege now because they never objected to her order. (Reply to Second Mot. to Suppl. ROA (#110) at 2). Jungo asserts that the BCC did consider both documents in their deliberations and therefore they constitute part of the record. (*Id.* at 5).

Pursuant to Nevada Revised Statute § 278.3195(4), any person who has appealed a decision to the governing body and is aggrieved by the decision of the governing body "may appeal that decision to the district court of the proper county by filing a petition for judicial review." Nev. Rev. Stat. § 278.3195(4). Although the Nevada Revised Statutes do not set forth any procedures[1] to govern a petition for review, the Nevada Supreme Court has held that "[i]n a petition for judicial review . . . the district court reviews the agency record to determine

---

[1] The Nevada Administrative Procedures Act does not apply because the BCC is a county commission and not a state executive department commission. *See* Nev. Rev. Stat. § 233B.031 (defining "agency" as an agency, bureau, board, commission, department, division, officer or employee of the Executive Department of the State Government).

5

whether the Board's decision is supported by substantial evidence." *Kay v. Nunez*, 146 P.3d 801, 805 (Nev. 2006). In other contexts, courts have reviewed the "whole record" before an agency including "everything that was before the agency pertaining to the merits of its decision." *Portland Audubon Soc'y v. Endangered Species Comm.*, 984 F.2d 1534, 1548 (9th Cir. 1993).

In this case, the Court grants Jungo's motion to supplement the record on appeal with the two documents. First, Defendants did not file any objections to Judge Cooke's order to compel production of the two documents despite arguments that those documents were protected by the attorney-client privilege. (*See* Minute Order (#89)); *see* Fed. R. Civ. P. 72(a) (stating that a party has 14 days to file objections to a magistrate's order on a non-dispositive matter and may not assign as error a defect in the order not timely objected to). Second, the first document pertains to the merits of the BCC's decision to reverse the RPC because that document told the BCC not to pre-deliberate issues that would or could come before it. However, one commissioner allegedly failed to take that advice and attended the proceedings that he eventually voted to reverse. Third, the second document pertains to the merits of the BCC's decision because that document explained what the scope of review was and explained the procedures that the BCC was to use during the hearing. Accordingly, the Court grants Jungo's Second Motion to Supplement Record on Appeal (#95). However, pursuant to the discussions at oral argument, the Court is not ruling on the admissibility of these documents at this time.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Jungo's Second Motion to Supplement Record on Appeal (#95) is GRANTED.

DATED: This 5th day of July, 2011.

_____
United States District Judge