# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JUNGO LAND & INVESTMENTS, INC.,

    Plaintiff,

    v.

HUMBOLDT COUNTY BOARD OF
COUNTY COMMISSIONERS, et al.,

    Defendants.

3:10-cv-257-RCJ-VPC

**ORDER**

Currently before the Court is Plaintiff-Petitioner Jungo Land & Investments, Inc.'s ("Jungo") Petition for Writ of Mandamus and/or Writ of Prohibition (#6) and Petition for Judicial Review (#142).

## BACKGROUND

On April 12, 2007, the Humboldt County Regional Planning Commission ("Regional Planning Commission") voted and approved a Conditional Use Permit, #UH-07-05 ("CUP") to Jungo to construct and operate a long-term solid waste disposal site in Humboldt County, Nevada ("Project") on property located approximately 25 miles west of Winnemuca, Nevada ("Property"). (Petitioner's App. ("PA") 36-38; App. (#11) at 43-45).[1] The CUP required operations to commence within three years of the date of final approval of the CUP "unless an extension ha[d] been approved by the Regional Planning Commission." (PA 37; App. (#11) at 44).

On January 19, 2010, Jungo filed a request with the Regional Planning Commission for

---

[1] The PA citation identifies the Bates Number referenced on the documents. The Appendix citation identifies the CM/ECF location.

a five-year CUP extension for good cause. (PA 206; App. (#12) at 106). Jungo submitted evidence demonstrating its efforts to comply with the CUP conditions. (*See* PA 206-21, 225-37; App. (#12) at 106-09; App. (#13) at 3-13, 17-29). On February 5, 2010, the staff of the Regional Planning Department submitted a staff report and recommended that the Regional Planning Commission grant the five-year extension because Jungo had demonstrated good cause for the extension. (PA 224; App. (#13) at 16). On February 11, 2010, the Regional Planning Commission held a public hearing on Jungo's extension request. (PA 225-26; App. (#13) at 17-18). After reviewing the facts submitted by Jungo, the facts identified by the staff of the Regional Planning Department, and the staff report, the Regional Planning Commission found good cause and approved the five-year CUP extension. (*See* PA 225-38; App. (#13) at 17-30).

On February 18, 2010, Robert E. Dolan and Massey K. Mayo (collectively "Dolan") filed an appeal of the vote, decision, and findings by the Regional Planning Commission regarding the five-year CUP extension that took place on February 11th ("Dolan Appeal") to the Humboldt County Board of Commissioners ("BCC"). (PA 299; App. (#13) at 91). The Dolan Appeal explained that

> the appellants [were] citizens and residents of Humboldt County, State of Nevada, and use and have used the land abutting the land subject to the CUP herein, and appeared at the aforesaid hearing and objected to the unconditioned extension request. The planned landfill on Jungo will adversely affect the air, water, and peace and contentment of the appellants as they use said abutting land, and are aggrieved and interested persons by the issuance of the CUP . . . .

(PA 301; App. (#13) at 93).

On February 24, 2010, Jungo objected to the Dolan Appeal on grounds that Dolan did not have standing to appeal and that the grant of an extension was not an appealable decision under the Humboldt County Code. (PA 256; App. (#13) at 48). Jungo argued that an "interested person" must have more than a subjective, academic curiosity about the proposed project to appeal. (PA 257; App. (#13) at 49). Jungo asserted that, although appellants claimed that they use and have used the land abutting the Property, the record established that the Project was more than 25 miles away from the City of Winnemuca and that the

property surrounding the Project was owned by the Bureau of Land Management ("BLM"). (*Id.*). Jungo asserted that there were no existing uses on any of the surrounding properties and no improved or designated recreational areas on the land surrounding the Project. (PA 257-58; App. (#13) at 49-50). Jungo argued that appellants had no specific interest in the surrounding property that would grant them standing to appeal the CUP extension. (PA 258; App. (#13) at 50). Jungo argued that a generalized grievance by a member of a community did not confer standing for the purpose of challenging an administrative action. (*Id.*).

On that same day, the Humboldt County District Attorney's Office issued a memorandum to the BCC on the standing issue. (PA 259; App. (#13) at 51). The District Attorney's Office believed that Dolan lacked standing to appeal the Regional Planning Commission's decision to grant Jungo a CUP extension because Dolan did not have a property interest with regard to the issue and Dolan had not shown that he had suffered special damages differing from the general public. (*Id.*).

On April 5, 2010, the BCC held a public hearing on the Dolan Appeal. (*See* PA 295, 318-422; App. (#13) at 87; App. (#14) at 2-106). Jungo raised the issue of standing at the hearing. (PA 349-50; App. (#14) at 33-34). The BCC stated that they had previously considered the issue of standing and proceeded with the hearing. (*Id.*). At the hearing, the BCC unanimously denied the extension of the CUP. (PA 420-21; App. (#14) at 104-05). On April 12, 2010, the BCC issued a notice of decision that granted the Dolan Appeal and denied the CUP extension. (PA 315; App. (#13) at 107).

Jungo filed a Petition for Writ of Mandamus and/or Writ of Prohibition against Defendants Humboldt County Board of County Commissioners ("BCC"); Humboldt County; and Chuck Giordano, Mike Bell, Dan Cassinelli, Garley Amos, and Tom Fransway, in their individual and official capacities as Humboldt County Commissioners (collectively "Defendants").

**DISCUSSION**

**I.    Petition for Writ of Mandamus and/or Writ of Prohibition (#6)**

Jungo files a petition for a writ of mandamus and/or a writ of prohibition ordering

Defendants to cease and desist their extra-jurisdictional activities related to Jungo's CUP extension, dismiss Dolan's Appeal of the Regional Planning Commission's decision with prejudice, and allow the Regional Planning Commission's February 11, 2010 decision extending the Jungo CUP for five years to stand as final. (Writ. Mem. (#10) at 1-2). Jungo raises four jurisdictional issues, including whether Defendants exceeded their jurisdiction and authority by hearing and deciding the Dolan Appeal when the appealing party was not an "interested" person and lacked standing to appeal the Regional Planning Commission's extension of Jungo's CUP.[2] (*Id.* at 2). Jungo argues that a governing body cannot hear an administrative appeal if the appellant lacks standing and that a writ of prohibition and/or mandamus is appropriate to address the jurisdictional issue. (*Id.* at 25). Jungo asserts that Dolan's standing allegations are insufficient because general citizenship interests or recreational interests are insufficient to create standing in a land use entitlement proceeding. (*Id.* at 26). Jungo argues that Dolan lives more than 25 miles from the Project and does not hold any interest in property within 25 miles of the Project. (*Id.*). Jungo argues that Dolan is not an "interested person" within the meaning of the Humboldt County Code. (*Id.*).

In response, Defendants argue that a petition for judicial review, and not a writ of mandamus, is the proper vehicle to challenge the issues at hand. (Opp'n to Writ (#46) at 9). Defendants assert that the term "interested person" is not as restrictive as Jungo argues and cites *Mesagate Homeowners' Ass'n v. City of Fernley*, 194 P.3d 1248 (Nev. 2008) in support of its proposition. (*Id.* at 9-10).

In reply, Jungo factually distinguishes *Mesagate* from the facts at hand and asserts that Dolan lacked standing to appeal. (Reply to Writ (#50) at 10).

---

[2] Jungo also raised whether Defendants exceeded their jurisdiction and authority by hearing and deciding the Dolan appeal when (a) the Humboldt County Code and the terms of the Jungo CUP stated that the Regional Planning Commission had exclusive final administrative authority to act on an extension of the Jungo CUP; (b) the BCC violated the abuse of discretion standard on appeal by looking beyond the record on appeal and considering and relying on matters never asserted before or considered by the Regional Planning Commission; and (c) the BCC failed to disqualify Commissioner Fransway and failed to provide a fair, independent and impartial tribunal to hear and decide the Dolan Appeal. (Writ Mem. (#10) at 2). Because the Court finds that Dolan lacked standing to appeal the CUP extension, this Court declines to address the other jurisdictional issues raised in this case.

### A.    Proper Vehicle for Jurisdictional Challenge

The Nevada Supreme Court has held that a "writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, or to control an arbitrary or capricious exercise of discretion." *City of N. Las Vegas v. Eighth Jud. Dist. Ct.*, 147 P.3d 1109, 1113 (Nev. 2006). "As the counterpart to a writ of mandamus, a writ of prohibition is available when a district court acts without or in excess of its jurisdiction." *Id.* "[N]either writ will issue when the petitioner has a plain, speedy, and adequate remedy in the ordinary course of law." *Id.* In contrast, when a party files a petition for judicial review, the district court reviews the agency record to determine whether the administrative agency's decision was supported by substantial evidence. *Kay v. Nunez*, 146 P.3d 801, 803, 805 (Nev. 2006) (holding that the proper mechanism for seeking review of a local zoning and planning decision in district court is through a petition for judicial review).

Here, Jungo properly filed a writ of mandamus/prohibition to challenge Defendants' jurisdictional authority to hear the Dolan Appeal. Because Jungo is not challenging whether the BCC's decision was supported by substantial evidence in its writ, but is instead challenging whether the BCC acted in excess of its jurisdiction, the writ is the proper vehicle for this challenge.

### B.    Standing

Pursuant to NRS § 278.3195, "each governing body shall adopt an ordinance that any person who is aggrieved" by a decision of the planning commission may appeal the decision to the governing body. Nev. Rev. Stat. § 278.3195(1)(a). The Humboldt County Code ("HCC") provides that an appeal may be filed by the applicant or "any interested person." HCC § 17.68.120.[3]

The Nevada Revised Statutes define the term "aggrieved" persons for counties with populations over 400,000. Nev. Rev. Stat. § 278.3195(1). Humboldt County only has a population of 16,528. *See* U.S. Census Bureau 2010 at

---

[3] An online version of the Humboldt County Code is located at http://www.hcnv.us/planning/county_zoning.htm.

http://quickfacts.census.gov/qfd/states/32/32013.html.  For general appellate purposes, the Nevada Supreme Court defines an "aggrieved party" as one whose personal or property right has been adversely and substantially affected.  *Kay*, 146 P.3d at 806.  However, neither the HCC nor the Nevada Supreme Court have defined the term "interested person."  Black's Law Dictionary defines an "interested person" as "[a] person having a property right in or claim against a thing, such as a trust or decedent's estate" and an "interest" as "[a] legal share in something; all or part of a legal or equitable claim to or right in property."  Black's Law Dictionary 652, 932 (7th abridged ed. 2000).

In this case, there is no evidence in the record that demonstrates that Dolan has any personal or property right that has been adversely or substantially affected by the Jungo CUP extension.  Dolan does not own any property within 25 miles of the Project site.  Additionally, Dolan has not shown that he has suffered any special damages differing from the general public.  *See L&T Corp. v. City of Henderson*, 654 P.2d 1015, 1016-17 (Nev. 1982) (holding that any person, whether or not a landowner, has standing to challenge and obtain injunctive relief against a proposed vacation when he or she has suffered special or peculiar damage differing in kind from the general public).  As such, the Court finds that the BCC lacked jurisdiction to hear the appeal because Dolan did not have standing to appeal the Regional Planning Commission's decision to grant the CUP extension.  Accordingly, the Court grants Jungo's Petition for Writ of Mandamus and/or Writ of Prohibition (#6) and orders Defendants to (1) vacate the BCC's decision reversing the Regional Planning Commission's five-year extension of the Jungo CUP; (2) dismiss the Dolan Appeal with prejudice based on the BCC's lack of jurisdiction to hear the appeal; and (3) reinstate the Regional Planning Commission's February 11, 2010 decision granting Jungo a five-year CUP extension.[4]

---

[4] The Court further notes that Defendants reliance on *Mesagate* is misplaced.  In *Mesagate*, the Nevada Supreme Court addressed whether a party had standing to file a petition for a writ of mandamus.  *Mesagate*, 194 P.3d at 1251.  The Court held that, to have standing, a petitioner had to have a beneficial interest in obtaining writ relief.  *Id.*  The Court noted that, absent the beneficial interest, the petitioner would gain no direct benefit from the issuance of the writ and suffer no direct detriment if relief was declined.  *Id.* at 1252.  Because the issue in this case is whether Dolan is an interested party under the HCC, the Court finds that *Mesagate*'s discussion on the beneficial interests related to writ relief is inapplicable to the

**II.     Petition for Judicial Review (#142)**

      Jungo files a petition for judicial review and argues that the BCC's decision reversing the Regional Planning Commission's grant of a five-year CUP extension cannot be upheld because the BCC acted without jurisdiction, in violation of Nevada's Open Meeting Law, used unlawful procedures, and violated Jungo's statutory and constitutional rights. (Pet. for Judicial Review (#142) at 7). The Court denies the Petition for Judicial Review (#142) as moot in light of this Court's finding that the BCC lacked jurisdiction to hear the Dolan Appeal.

## CONCLUSION

      For the foregoing reasons, IT IS ORDERED that Jungo's Petition for Writ of Mandamus and/or Writ of Prohibition (#6) is GRANTED to the extent discussed above.

      IT IS FURTHER ORDERED that Defendants (1) vacate the BCC's decision reversing the Regional Planning Commission's five-year extension of the Jungo CUP; (2) dismiss the Dolan Appeal with prejudice based on the BCC's lack of jurisdiction to hear the appeal; and (3) reinstate the Regional Planning Commission's February 11, 2010 decision granting Jungo a five-year CUP extension.

      IT IS FURTHER ORDERED that Jungo's Petition for Judicial Review (#142) is DENIED as moot.

DATED: This 7th day of December, 2011.

_____
United States District Judge

---

case at hand.